# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARITA WETZEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:20-cv-1511-SAB<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Sarita Wetzel ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action seeking judicial review of the denial of disability benefits pursuant to the Social Security Act. Currently before the Court is Plaintiff's complaint, filed on October 26, 2020.

**I.**

**SCREENING STANDARD**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis*

1

1  proceedings which seek monetary relief from immune defendants); Cato v. United States, 70
2  F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis*
3  complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998)
4  (affirming *sua sponte* dismissal for failure to state a claim).  The Court exercises its discretion to
5  screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii)
6  fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a
7  defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

8        In determining whether a complaint fails to state a claim, the Court uses the same
9  pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a
10 short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R.
11 Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the
12 elements of a cause of action, supported by mere conclusory statements, do not suffice."
13 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
14 544, 555 (2007)).

15       In reviewing the pro se complaint, the Court is to liberally construe the pleadings and
16 accept as true all factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89,
17 94 (2007).  Although a court must accept as true all factual allegations contained in a complaint,
18 a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678.  "[A]
19 complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops
20 short of the line between possibility and plausibility of entitlement to relief.'"  Iqbal, 556 U.S. at
21 678 (quoting Twombly, 550 U.S. at 557).  Therefore, the complaint must contain sufficient
22 factual content for the court to draw the reasonable conclusion that the defendant is liable for the
23 misconduct alleged.  Iqbal, 556 U.S. at 678.

## II.

## DISCUSSION

26    Plaintiff alleges that the Commissioner of Social Security has continually denied her
27 benefits under the "Disabilities Act/People with Disabilities Act" and she requests a trial.

(Compl. 5,[1] ECF No. 1.)  Plaintiff is seeking thirty-six months of full Social Security benefits, since October 2017, and states she is still being denied benefits.  (Id., 6.)

Generally, the United States and its agencies are entitled to sovereign immunity from suit unless Congress has expressly waived immunity.  F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Kaiser v. Blue Cross of California, 347 F.3d 1107, 1117 (9th Cir. 2003); Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997).  "Any waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.' "  Hodge, 107 F.3d at 707 (quoting Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981).)

In the Social Security Act, the United States has waived sovereign immunity only for limited judicial review of the Social Security Administration's final decisions.  Mathews v. Eldridge, 424 U.S. 319, 327 (1976).  Under 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  Congress has strictly limited the Court's jurisdiction of over Social Security actions.

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

To the extent that Plaintiff is attempting to appeal any final decision of the Social Security Commissioner, the proper defendant is the Commissioner of Social Security.  See 42 U.S.C. 405(g).  If Plaintiff is seeking to appeal a final decision of the Commissioner, she must demonstrate that she has complied with the requirements of Section 405(g), including that she has received a final decision and that this action is filed "within sixty days after the mailing to

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[her] of notice of such decision" after a hearing.  See 42 U.S.C. 405(g).

To comply with 405(g) an individual must exhaust administrative remedies in order to challenge the denial of Social Security benefits.  This means that before challenging a denial of benefits or the amount received, a claimant must file for reconsideration of that decision with the Social Security Administration.  20 C.F.R. §§ 404.905, 404.909.  If an adverse decision is rendered, an individual may request that an administrative law judge ("ALJ") hold a hearing.  20 C.F.R. § 404.929.  If the ALJ issues an adverse decision, an appeal may be filed with the Appeals Council.  20 C.F.R. § 404.955.  Any appeal to the Appeals Council must be filed within sixty days of the ALJ's decision.  20 C.F.R. § 404.968.  Once the Appeals Council issues its decision, a claimant can file a complaint in the United States District Court, but this complaint must be filed within sixty days of the Appeals Council's order.  42 U.S.C. § 405(g).

In order to seek judicial review of a denial of Social Security benefits and/or disability benefits, an individual must have followed the appeals process outlined above including filing a complaint in the United States District Court within sixty days of receiving an adverse determination from the Appeals Council.  There are no allegations in the complaint that Plaintiff applied for or was receiving Social Security benefits, appealed an adverse decision, had a hearing regarding the denial of benefits, and received a final decision of the Commissioner.  The complaint does not contain sufficient information for the Court to determine the sufficiency of Plaintiff's claim under Section 405(g).

Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order.  Plaintiff is advised that her complaint must clearly set for the basis of the claims that she seeks to litigate in this action and the relief that she is requesting.  Further, Plaintiff shall include a copy of the final decision of the Appeals Council denying her application of benefits with her amended complaint.

### III.

### CONCLUSION AND ORDER

For the reasons discussed, Plaintiff has failed to state a cognizable claim for a violation of her federal rights.  Plaintiff shall be granted leave to file an amended complaint to cure the

deficiencies identified in this order.  See Lopez, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

2. Plaintiff shall include a copy of the final decision by the Appeals Council denying her Social Security benefits; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **November 5, 2020**

UNITED STATES MAGISTRATE JUDGE

5