# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARITA WETZEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  1:20-cv-1511-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR LACK OF JURISDICTION AND FAILURE TO COMPLY WITH COURT ORDER AND DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>(ECF No. 4)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Sarita Wetzel ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action seeking judicial review of the denial of disability benefits pursuant to the Social Security Act. On November 5, 2020, Plaintiff's complaint was screened and an order issued finding that Plaintiff had failed to demonstrate that she had complied with 42 U.S.C. § 405(g).  Plaintiff was granted leave to file an amended complaint within thirty days of November 5, 2020.  More than thirty days have passed and Plaintiff has not filed an amended complaint nor otherwise responded to the November 5, 2020 order.

**I.**

**SCREENING STANDARD**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

1

1  such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)
2  (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners);
3  Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis*
4  proceedings which seek monetary relief from immune defendants); Cato v. United States, 70
5  F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis*
6  complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998)
7  (affirming *sua sponte* dismissal for failure to state a claim). The Court exercises its discretion to
8  screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii)
9  fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a
10 defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

11      In determining whether a complaint fails to state a claim, the Court uses the same
12 pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a
13 short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R.
14 Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the
15 elements of a cause of action, supported by mere conclusory statements, do not suffice."
16 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
17 544, 555 (2007)).

18      In reviewing the pro se complaint, the Court is to liberally construe the pleadings and
19 accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89,
20 94 (2007). Although a court must accept as true all factual allegations contained in a complaint,
21 a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A]
22 complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops
23 short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at
24 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient
25 factual content for the court to draw the reasonable conclusion that the defendant is liable for the
26 misconduct alleged. Iqbal, 556 U.S. at 678.

27 ///
28 ///

2

## II.

## DISCUSSION

Plaintiff alleges that the Commissioner of Social Security has continually denied her benefits under the "Disabilities Act/People with Disabilities Act" and she requests a trial. (Compl. 5,[1] ECF No. 1.) Plaintiff is seeking thirty-six months of full Social Security benefits, since October 2017, and states she is still being denied benefits. (Id., 6.)

Generally, the United States and its agencies are entitled to sovereign immunity from suit unless Congress has expressly waived immunity. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Kaiser v. Blue Cross of California, 347 F.3d 1107, 1117 (9th Cir. 2003); Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997). "Any waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.' " Hodge, 107 F.3d at 707 (quoting Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981).)

In the Social Security Act, the United States has waived sovereign immunity only for limited judicial review of the Social Security Administration's final decisions. Mathews v. Eldridge, 424 U.S. 319, 327 (1976). Under 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." Congress has strictly limited the Court's jurisdiction of over Social Security actions.

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

Therefore, in order to file an appeal of a final decision of the Commissioner, a plaintiff

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1 must demonstrate that she has complied with the requirements of Section 405(g), including that she has received a final decision and that this action is filed "within sixty days after the mailing to [her] of notice of such decision" after a hearing. See 42 U.S.C. 405(g).

To comply with 405(g) an individual must exhaust administrative remedies in order to challenge the denial of Social Security benefits. This means that before challenging a denial of benefits or the amount received, a claimant must file for reconsideration of that decision with the Social Security Administration. 20 C.F.R. §§ 404.905, 404.909. If an adverse decision is rendered, an individual may request that an administrative law judge ("ALJ") hold a hearing. 20 C.F.R. § 404.929. If the ALJ issues an adverse decision, an appeal may be filed with the Appeals Council. 20 C.F.R. § 404.955. Any appeal to the Appeals Council must be filed within sixty days of the ALJ's decision. 20 C.F.R. § 404.968. Once the Appeals Council issues its decision, a claimant can file a complaint in the United States District Court, but this complaint must be filed within sixty days of the Appeals Council's order. 42 U.S.C. § 405(g).

In order to seek judicial review of a denial of Social Security benefits and/or disability benefits, an individual must have followed the appeals process outlined above including filing a complaint in the United States District Court within sixty days of receiving an adverse determination from the Appeals Council. There are no allegations in the complaint that Plaintiff applied for or was receiving Social Security benefits, appealed an adverse decision, had a hearing regarding the denial of benefits, and received a final decision of the Commissioner. The complaint does not contain sufficient to demonstrate that Plaintiff has complied with Section 405(g). Accordingly, the Court concludes that it does not have jurisdiction to decide Plaintiff's Social Security appeal.

### III.

### FAILURE TO AMEND

Plaintiff has not filed an amended complaint in compliance with the November 5, 2020 order. Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to

4

1 control its docket and may, in the exercise of that power, impose sanctions where appropriate,
2 including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir.
3 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

4 A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). Where a plaintiff fails to file an amended complaint after being provided with leave to amend to cure the failure to state a claim, a district court may dismiss the entire action. Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff was ordered to file an amended complaint to cure the deficiencies that were identified in her complaint within thirty days of November 5, 2020. As pled, Plaintiff's complaint does not demonstrated that this Court has jurisdiction over her Social Security appeal. Plaintiff has been provided with the legal

5

1 standards and has been granted the opportunity to file an amended complaint to demonstrate that
2 she has complied with 42 U.S.C. § 405(g).  Plaintiff has neither filed an amended complaint nor
3 otherwise responded to the Court's order.  Plaintiff's failure to comply with the orders of the
4 Court hinders the Court's ability to move this action towards disposition, and indicates that
5 Plaintiff does not intend to diligently litigate this action.

6       Since it appears that Plaintiff does not intend to litigate this action diligently there arises a
7 rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447,
8 1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of
9 dismissal.

10       The public policy in favor of deciding cases on their merits is greatly outweighed by the
11 factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This
12 action can proceed no further without Plaintiff's cooperation and compliance with the order at
13 issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  In this
14 instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

15       Finally, a court's warning to a party that their failure to obey the court's order will result
16 in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;
17 Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's November 5, 2020 order
18 requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an
19 amended complaint in compliance with this order, the Court will recommend to the district judge
20 that this action be dismissed consistent with the reasons stated in this order."  (ECF No. 4 at 5.)
21 Thus, Plaintiff had adequate warning that dismissal of this action would result from her
22 noncompliance with the Court's order and her failure to demonstrate that she had complied with
23 42 U.S.C. § 405(g).

## VI.

### CONCLUSION AND RECOMMENDATIONS

26     For the reasons discussed, Plaintiff has failed to demonstrate that she has complied with
27 42 U.S.C. § 405(g) and therefore this Court does not have jurisdiction to consider her appeal of
28 the final decision of the Commissioner of Social Security.

1     Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of
2 jurisdiction and failure to comply with the November 5, 2020 order.

3     The Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to
4 this action.

5     This findings and recommendations is submitted to the district judge assigned to this
6 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30)
7 days of service of this recommendation, Plaintiff may file written objections to this findings and
8 recommendations with the court.  Such a document should be captioned "Objections to
9 Magistrate Judge's Findings and Recommendations."  The district judge will review the
10 magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).
11 Plaintiff is advised that failure to file objections within the specified time may result in the
12 waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing
13 Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **December 14, 2020**

UNITED STATES MAGISTRATE JUDGE

7